UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL N. BRYANT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00069-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On September 26, 2022, the Court denied Bryant's motion to vacate his sentence under 28 U.S.C. § 2255. Bryant then had 60 days after judgment was entered to timely file a notice of appeal. *See* Fed R. App. P. 4(a)(1)(B)(i). Bryant submitted a letter addressed to the Clerk of the Seventh Circuit Court of Appeals, stating that his § 2255 motion was denied on September 26, 2022. He explains that after the dismissal of his action he was placed in the SHU, denied commissary, transferred, and placed in quarantine. In short, he writes: "I need to get my certificate of appealability please." Dkt. 96-1. The Clerk of the Seventh Circuit received the letter on December 19, 2022, and transmitted it to this Court. Fed. R. App. P. 4(d).

This letter was the functional equivalent of a Notice of Appeal because it supplied the notice required by Federal Rule of Appellate Procedure 3(c)(1). This Rule states that a Notice of Appeal must name the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is taken. "When a party proceeds *pro se* . . . [the Court] will, if possible, liberally construe his actions to find Rule 3's requirements satisfied." *Smith v. Grams*, 565 F.3d 1037, 1041 (7th Cir. 2009). *See also Smith v. Barry*, 502 U.S. 244, 248–49 (1992)

(explaining that "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal.").

The envelope in which the notice of appeal was mailed is postmarked December 16, 2022. Dkt. 96-1. Thus, applying the prison mailbox rule, *see* Fed. R. App. P. 4(c), Bryant's notice of appeal was filed on December 16—21 days late.

The notice of appeal arguably explains why the appeal was late and thus can be treated as a motion to extend the time to appeal. *See Owens v. Godinez*, 860 F.3d 434, 437 (7th Cir. 2017) (same document treated as both a notice of appeal and a motion to extend the time to appeal). For that reason, the Seventh Circuit has identified an "implicit request to extend the time to appeal embedded in [the] notice of appeal" that this Court has jurisdiction to consider. Case No. 22-3250 at dkt. 14. For the reasons explained below, the motion for time to file a notice of appeal, dkt [96], is **granted.**

Rule 4(a)(5)(A)(ii) permits the Court to extend the deadline to appeal if a party shows "excusable neglect or good cause." Which standard applies is a question of "fault, as [t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant.  On the other hand, the good cause standard applies in situations in which there is no fault—excusable or otherwise." *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (citations and internal quotation marks omitted).  "[G]ood cause" exists if forces beyond Bryant's control prevented him from filing his notice of appeal on time. *Burford v. Brun*, No. 3:20-CV-00549, 2022 WL 16749028, at *2 (M.D. Tenn. Nov. 7, 2022) (explaining that "good cause" is often found when an institutional lockdown and/or limited access to legal materials stood in the way of a prisoner's filing a timely notice of appeal.) (citing cases).

2

Bryant provides a general chronology which implies that he faced unintended delays due to the conditions of his incarceration. He states that he was placed in the SHU on September 28, 2022, two days after judgment was entered. During that time, he was not allowed commissary for three weeks. On October 18, 2022, Bryant left FCI-Manchester and was in transit for the next several weeks before he was placed at Yazoo FCI-Low. He then was placed in quarantine for more than three weeks.

This chronology is enough to provide a plausible bases for an extension. *Mayle v. State of Illinois*, 956 F.3d 966, 969 (7th Cir. 2020) (summary grant of motion for time is appropriate where there is a "path from the record to the district court's discretionary decision."). Thus, this Court will exercise its discretion in finding that Bryant's placement in the SHU, denial of commissary, transfer and quarantine created challenges that lead to delay and demonstrate excusable neglect. *Perry v. Brown*, 854 F. App'x 725, 728 (7th Cir. 2021) (holding that in giving petitioner a second extension of time to file his notice of appeal the district court "acted within the bounds of its discretion. Perry is a pro se litigant juggling several cases, with limited access to research materials and limited knowledge of the law."); *Mayle,* 956 F.3d at 969 (holding that the district court has discretion to excuse neglect where appellant changed his address which delayed receipt of his mail and had a business trip in the week leading up to the deadline).

The motion for time to file a notice of appeal, dkt [96], is **granted** such that the notice of appeal filed on December 16, 2022, is timely.

**SO ORDERED.**

Date: 3/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Michael Bryant
Reg. No. 15820-028
FCI YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
YAZOO CITY, MS  39194